# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN JERMAINE JACKSON,

    Plaintiff,

  v.                                                 Case No. 13-CV-753

SCOTT TRADE CO. and
POTAWATOMI BINGO CASINO,

    Defendants.
------------------------------------------------------

JOHN JERMAINE JACKSON,

    Plaintiff,

  v.                                                 Case No. 13-CV-799

RUDOLPH T. RANDA,

    Defendant.
------------------------------------------------------

JOHN JERMAINE JACKSON,

    Plaintiff,

  v.                                                 Case No. 13-CV-806

SCOTT TRADE INC,

    Defendant.
------------------------------------------------------

## DECISION AND ORDER ON PLAINTIFF'S
## MOTIONS TO PROCEED *IN FORMA PAUPERIS*

Before the Court are Plaintiff John Jermaine Jackson's ("Jackson") *pro se* complaints to proceed *in forma pauperis* on his claims against each of the above named Defendants.[1] This decision will address all three complaints. In complaints 753 and 806, Jackson is seeking to recover compensation for services used by Defendants. (Docket # 1 at 6, Docket# 1 at 6, respectively.) Additionally, in complaint 806, Jackson wants the Court to impose a fine on Defendant for using his services. (Docket# 1 at 6.) In complaint 799, Jackson is seeking compensation for alleged hardship suffered because United States District Judge Rudolph T. Randa ("Judge Randa") dismissed Jackson's previous six lawsuits, and requesting the court to fire Judge Randa. (Docket # 1 at 6.) Because of inconsistencies and contradictions in Jackson's three financial affidavits, I am unable to determine if he is indigent. But, even if Jackson corrects his financial affidavits and they show that he is indigent, all three complaints are dismissed under 28 U.S.C. § 1915(e)(2)(B). Jackson's 753 and 806 complaints are dismissed for failure "to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Complaint 799 is dismissed for seeking "monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii).

## ALLEGATIONS OF FACT

In support of his motion to proceed *in forma pauperis*, Jackson submitted affidavits with conflicting information, despite the fact that they were all submitted in the month of July 2013.

All three affidavits indicate that Jackson's current income is $700 per month from disability compensation. (Docket # 2 at 2.) Jackson is not married, but is financially responsible for his two

---

[1] Each action is referred to by the numbers that follow the "CV" in the case number.

children. (*Id.* at 2.) A court order requires him to contribute $20 a month to the support of his two children. (*Id.*) He does not own a vehicle and his bank account is -$9. (*Id.* at 3.)

However, Jackson's total monthly expenses are different for each affidavit. He states in complaint 753 that his monthly expense total $1,000 for rent, groceries, telephone, home maintenance, travel, and an expense item that is illegible. (Docket # 2 at 4-5.) However, when sections A and B of the financial statement are added together the total is $830, and not $1,000. It is difficult to determine from his financial statement where Jackson included the extra $170 difference. In complaint 799 he states that his total monthly expenses are $200, but when you add up Section A and B the monthly expenses total $915. (*Id.*) Jackson's total monthly expense in complaint 806 is illegible. But with the information he provides, by adding Section A and B the estimated amount totals $815.

Also, Jackson states he owns a property, but the name of the property and the value are different in each affidavit. In complaint 753, Jackson names the property as Loyalty J. Inc and values the property as "multi billions." (*Id.* at 4.) In complaint 799, he names the property as "body/mind" and states the total value to be "priceless." (*Id.*) In complaint 806, he states that he owns two properties. The name of the first property is "Ink" and the value is $900 billion. The second property is "Water" and the total value is $900 billion. (*Id.*) Jackson's complaint 806 states that he owns a residence valued at $425. (*Id.* at 3.)

## DISCUSSION

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time preventing indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Neitze v. Williams*, 490 U.S. 319, 324 (1989). To authorize

- 3 -

a litigant to proceed *in forma pauperis*, the court must make two determinations. First, the court must determine whether the litigant is able to pay the costs of commencing the lawsuit. 28 U.S.C. § 1915 (a). Second, the court must determine whether the lawsuit should be dismissed because it is "frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

An action is considered frivolous when a complaint that has both facts and legal conclusions "[l]acks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325; *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Under a notice pleading standard, as a general matter, a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. A court determines that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Ashcroft v. Iqbal*. 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A complaint that only contains "labels and conclusions" or "formulaic recitation of the elements of cause of action will not do." *Id.* at 678. Under a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court takes the well-pleaded facts in the complaint as true. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). A court must also consider that "a *pro se* complaint, however inartfully pleaded must be held to a less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Thus, I begin with Jackson's financial affidavits. As mentioned above, there are areas in Jackson's affidavits that are either illegible or contradictory. The inconsistencies among the three affidavits are material. Jackson states that he owns valuable property, but in the same affidavits he

- 4 -

states that he owns no vehicles and his bank account is -$9. (Docket# 2 at 3.) This makes it difficult to determine if he satisfies the first requirement to proceed *in forma pauperis.* Therefore, I am unable to discern an accurate picture of Jackson's finances. However, even if Jackson were to correct the inconsistencies between the affidavits and this Court concludes that he is indigent, the complaints would still fail on the second requirement which I next discuss. I will address each complaint separately.

*1. Complaint 753*

In complaint 753, Jackson alleges that the defendants used his "services" without his permission and he seeks compensation for the services rendered. (Docket #1 at 3.) However, Jackson's complaint provides no facts to show what he means by "services," or have any facts that indicate when or where defendants used these "services." There is no factual content that allows me to draw a reasonable inference that the defendants are liable to Jackson for the "services." Because Jackson's 753 complaint does not allege sufficient facts to outline a cause of action that he is entitled to relief, his complaint fails to state a claim upon which relief may be granted.

*2. Complaint 806*

Next, Jackson's complaint 806 appears to allege non-payment for services. This complaint does not provide enough facts for the Court to make out Jackson's claim. He does not include a description of the type of "services" he alleges the defendant used without his permission. Jackson alleges in his complaint that the applicable law for his complaint 806 is the same law used for claims of "[s]teeling [sic] cable which is using a service for free." (Docket# 1 at 3.) If that is the case, Jackson must allege enough facts in his complaint that plausibly shows defendant violated the Federal Communications Act ("FCA"). The FCA states that as for cable transmissions, "[n]o person shall

- 5 -

intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator." 47 U.S.C. §553(a)(1). If Jackson is bringing a claim under the FCA, his complaint fails to provide any factual allegations that show that the defendant is intercepting communications service offered by a cable system without permission. (Docket# 1 at 3.) On the face of Jackson's complaint, with the few facts alleged, he fails to state a claim that defendant violated the FCA. Also, in the same complaint he alleged that the defendant violated copyright law. There are not enough facts provided in the complaint to discern whether there is a copyright claim. Because Jackson's complaint 806 does not allege sufficient facts to outline a cause of action that he is entitled to relief, his complaint fails to state a claim upon which relief may be granted.

    *3.    Complaint 799*

Jackson's complaint 799 is against Judge Randa. On June 10, 2013, Judge Randa ordered Jackson's six claims dismissed for failure to state a claim. (13-CV-639-RTR, Docket # 4 at 6.) Jackson now seeks damages of $365 billion against Judge Randa and requests that Judge Randa be fired.

Judges have absolute immunity from liability for civil damages arising out of the performance of their judicial functions. *Killinger v. Johnson*, 389 F.3d 765, 770 (7th Cir. 2004) (citing *Butz v. Economou*, 438 U.S. 478, 512-13 (1978)). Judicial immunity "recognizes that although unfairness and injustice to a litigant may result on occasion. . . a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1015 (7th Cir. 2000) (internal quotation and

- 6 -

citation omitted). Because Jackson seeks damages from a party who is immune from liability, his complaint must be dismissed.

Jackson or any other litigant who disagrees with a judge's decision is not without recourse. The appropriate remedy for a litigant who disagrees with the final judgement of the judge presiding over his case is to appeal the decision. *See, e.g.*, *Caudle v. Am. Arbitration Ass'n*, 230 F.3d 920, 922 (7th Cir. 2000) (noting that "[a] litigant files an appeal, rather than suing the judge or the court of which the judge is a member, if he does not like decisions by the trial court"). Suing the judge is not an option.

Finally, I note that Jackson has filed nine motions to proceed *in formal pauperis* within a three month period. All lawsuits have been dismissed under 28 U.S.C. § 1915 (e)(2)(B)(i)-(iii). Judge Randa when dismissing his previous six lawsuits cautioned Jackson from continuing to file frivolous actions. (13-CV-639-RTR, Docket # 4 at 6.) Once again, I will reiterate the warning previously given to Jackson. The Court must ensure that "[f]rivolous, vexatious, and repeated filings by *pro se* litigants [do not] interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders." *United States ex rel. Verdone v. Circuit Court for Taylor Cnty.*, 73 F.3d 669, 671 (7th Cir. 1995). In doing so, the Court has the power to impose sanctions to deter *pro se* litigants from continuing to file meritless lawsuits. *McCready v. eBay, Inc.*, 453 F.3d 882, 892 (7th Cir. 2006); *see, e.g.*, *Montgomery v. Davis*, 362 F.3d 956 (7th Cir. 2004) (court imposed a $500 fine and blocked future filings because plaintiffs were filing frivolous lawsuits); *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 187 (7th Cir. 1995) (court imposed an injunction requiring "[c]lerks . . . to return unfiled any papers submitted to these courts either directly or indirectly by or on behalf of [plaintiff]"). Accordingly, I repeat that if Jackson continues to file

frivolous lawsuits the consequences could include monetary sanctions or an injunction preventing him from filing any further *in forma pauperis* motions, or both.

Because these cases are hereby dismissed, Jackson's motion for appointment of counsel in 13-CV-799 is denied as moot.

**NOW, THEREFORE, IT IS ORDERED** that plaintiff's motions for leave to proceed *in forma pauperis* are hereby **DENIED**. Cases 13-CV-753 and 13-CV-806 are **DISMISSED** for failing to state a claim on which relief may be granted. Case 13-CV-799 is **DISMISSED** for seeking damages against an immune party.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel in 13-CV-799 is **DENIED AS MOOT**.

Dated at Milwaukee, Wisconsin this 26th day of July, 2013.

BY THE COURT

s/*Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge

- 8 -

Case 2:13-cv-00806-NJ   Filed 07/26/13   Page 8 of 8   Document 4